UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                 :

EMA FINANCIAL, LLC,               :
                                 :

                 Plaintiff,    :

         - against -        :

                                 :

JOEY NEW YORK, INC. et al.,    :
                                 :

             Defendants.  :
                                 :
--------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:                               │
│ DATE FILED: ___6/9/2021___           │
└─────────────────────────────────────┘
```

17-CV-9706 (VSB)

**OPINION & ORDER**

<u>Appearances</u>:

Jeffrey Fleischmann
Law Offices of Jeffrey Fleischmann PC
New York, NY
*Counsel for Plaintiff*

Joey Chancis
Richard Roer
Fort Lauderdale, FL
*Pro Se Defendants*

<u>VERNON S. BRODERICK, United States District Judge</u>:

      Plaintiff EMA Financial, LLC ("Plaintiff" or "EMA Financial") brings this action against

Defendants Richard Chancis, Joey Chancis, Richard Roer, and four corporate Defendants—Joey

New York, Inc., RAR Beauty, LLC, Labb, Inc., and Reflex Productions, Inc.  Before me is

Plaintiff's motion in limine related to the amended pretrial statement filed by Joey Chancis and

Richard Roer ("Defendants"), in advance of the five-day bench trial scheduled to begin in this

case on June 14, 2021.  (Doc. 158.)  Plaintiff moves to (1) exclude Stephanie Cspeke from being

called as a witness for Defendants, (2) exclude Exhibits 5-85 annexed to Defendants' amended

pretrial statement from being used as trial exhibits, and (3) prevent Defendants from making

their broker-dealer registration affirmative defense at trial.  For the foregoing reasons, Plaintiff's

motion is GRANTED as to its first two requests and DENIED as to its third request.

## I.   Testimony of Stephanie Cspeke

Prior to discovery, parties must provide the names and known addresses for "each

individual likely to have discoverable information—along with the subjects of that

information—that the disclosing party may use to support its claims or defenses."  Fed. R. Civ.

P. 26(a)(1)(A)(i).  "If a party fails to provide information or identify a witness as required by

Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Fed. R. Civ. P. 37(c)(1).  "When evaluating whether testimony should be precluded under Rule

37 for failure to disclose under Rule 26(a), we consider four factors:  (1) the party's explanation

for the failure to comply with the discovery order; (2) the importance of the testimony of the

precluded witness; (3) the prejudice suffered by the opposing party as a result of having to

prepare to meet the new testimony; and (4) the possibility of a continuance."  *Chamberlain v.*

*City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020).

In their amended pretrial statement, Joey Chancis and Richard Roer listed Stephanie

Csepke ("Csepke"), (Doc. 149, at 91)—a witness that the relevant parties agree was not

previously disclosed, (*see* Doc. 158, at 3; Doc. 160, at 1).  As such, I must evaluate the four

factors articulated by the Second Circuit to determine whether Defendants' failure to timely

disclose should preclude Csepke from appearing as a witness.

First, Defendants' explanation weighs in favor of Plaintiff.  As they have argued on many

occasions, Joey Chancis and Richard Roer state that Erica Doran ("Doran")—the attorney who

was representing all Defendants until I granted her motion to withdraw as counsel on the eve of

trial, (Doc. 75)—did not adequately represent them and that they did not realize this at the time because Richard Chancis was handling the case for all Defendants, (Doc. 160, at 1–2).  These representations, if true, are certainly troubling, but there is no question that Joey Chancis and Richard Roer were duly represented by counsel up until days before this matter was initially set for trial.  They had every opportunity to participate fully in this case with Doran and, if they were unsatisfied with her representation, they had the opportunity terminate her services in favor of proceeding with another attorney or proceeding pro se.  Here, it is not alleged that Plaintiff played any part in the predicament Joey Chancis and Richard Roer now find themselves, and Plaintiff should not be prejudiced anymore because of the purported inadequacy of Doran's representation.  To the extent Joey Chancis and Richard Roer take issue with Doran's representation this is not the appropriate forum to air such grievances, and I decline to opine on whether or not such claims are viable.  Consequently, I do not find Defendants' explanation compelling.

Second, it is difficult for me to evaluate just how important Csepke's testimony is to Defendants' case.  Defendants argue that "Csepke's testimony is critical" to their defense against Plaintiff's claim of fraudulent conveyance because she was a bookkeeper who oversaw one of Joey New York, Inc.'s ("Joey New York") compliance with SEC regulations and filings.  (Doc. 160, at 2.)  I acknowledge that it is important for Defendants to be able to defend themselves at trial.  However, Defendants' representations about Csepke's testimony are vague; in a previous filing, Defendants stated only that Joey New York's accountant "claims [Csepke] has all the records" related to how much money Defendants put into EMA Financial.  (Doc. 131, at 11.)  In other words, Defendants do not claim personal knowledge that Csepke has any records or provide much evidence that Csepke possesses particular information that is directly material to

their defense.  Further, it is unclear what the precise "records" are on which Csepke might rely in her testimony and I do not know whether those records have themselves been previously disclosed to Plaintiff.  However, I suspect that Defendants' failure to identify the documents likely means that they have not been previously disclosed to Plaintiff and therefore could not be used at trial without prejudice to Plaintiff.

Third, as alluded to above, the disclosure of a new witness less than a month before trial—whom Plaintiff has not had the ability to depose or seek documents from, including the "records" at issue here—is plainly prejudicial to Plaintiff, which has already faced a six-month delay for trial in this case.  Fourth, a continuance would be inappropriate and unwarranted here, where we are once again on the eve of trial after an extensive delay in the case caused by Defendants.

Accordingly, I grant Plaintiff's motion to preclude Csepke's testimony.

## II.   Exhibits 5-85

The same legal standard applies to Plaintiff's motion in limine seeking to exclude Exhibits 5-85 that Defendants first submitted on May 21, 2021 as attachments to their amended pretrial statement.  (*See* Doc. 149.)  Prior to discovery, parties must provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Rule 37(c)(1) prohibits the use of exhibits not previously disclosed unless "the failure [to disclose them] was substantially justified or is harmless."

The same Second Circuit test requires that I exclude these exhibits.  With regard to the first factor, Defendants suggest that Doran made an error in failing to disclose these exhibits,

which Defendants timely rectified.  (Doc. 160, at 3–4.)  Defendants further note that pro se litigants deserve more lenience as it relates to procedural rules governing litigation.  (*Id.* at 3.)  However, as noted *supra*, Defendants are not ordinary pro se litigants—they were represented by counsel through discovery, motion practice, and right up until trial.  Any mistake—perceived or otherwise—Doran made in representing Defendants more than six months ago does not justify this last-minute disclosure.

Second, it is once again near impossible for me to determine that these documents are important to Defendants' case.  Defendants' amended pretrial statement does not list these exhibits, let alone provide a description of what they are or their importance to Defendants' case.  (Doc. 149.)  Indeed, it is Plaintiff, not the Defendants, who has provided the most detailed description of these documents that I have received.  (*See* Doc. 158, at 6–8.)  In contrast, Defendants do not provide any meaningful explanation of what these exhibits are, how I can authenticate them, or their importance to this case.  (*See* Docs. 131, 149.)

Third, disclosing 80 new exhibits to Plaintiff less than a month out from trial is, almost by definition, prejudicial to Plaintiff.  And fourth, as noted *supra*, I will not grant another continuance in this case in light of the months-long delay that has already prejudiced Plaintiff.

As such, I grant Plaintiff's motion to exclude Exhibits 5-85 provided by Defendants.

### III.   <u>Defendants' Broker-Dealer Defense</u>

Plaintiff argues that Defendants have waived their defense that Plaintiff violated securities laws by failing to register as a broker-dealer because Defendants never raised the defense in their answer or amended answer.  (Doc. 158, at 9.)  Nearly all of Plaintiff's motion is spent arguing the merits of the dispute, *i.e.* that EMA Financial is not required to register as a broker-dealer—a discussion that is immaterial to the question of whether or not Defendants have

the procedural right to make this argument at trial and in any post-trial briefing.

Plaintiff's argument is unavailing largely because Plaintiff has had fair notice of Defendants' argument for at least two months, (*see* Doc. 131), and has demonstrated on several occasions that it is prepared to present its case as to why Defendants' argument is wrong, (*see* Docs. 139, 160). There is essentially no risk of prejudice to Plaintiff in permitting Defendants to make the legal argument at issue, and no broader prejudice since this is a bench trial and not a jury trial. I therefore deny Plaintiff's motion to prevent Defendants from doing so.

## IV.   **Conclusion**

It is hereby:

ORDERED that Plaintiff's motion in limine is GRANTED as to its first two requests and DENIED as to its third request.

IT IS FURTHER ORDERED that, as soon as possible, the parties are directed to contact my Deputy Clerk Melissa Williams, to discuss setting up a time to discuss logistics for the upcoming trial taking place over videoconference.

IT IS FURTHER ORDERED that the five-day bench trial beginning on June 14, 2021 will begin at 10 a.m. Unless instructed otherwise, each trial day will begin at 10 a.m. and will adjourn at 5:30 p.m. There will be an hour lunch break every day, as well as shorter breaks in the morning and afternoon.

The Clerk's office is directed to terminate the open motion at Document 156.

SO ORDERED.

Dated: June 9, 2021
New York, New York

Vernon S. Broderick
United States District Judge