```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
EMA FINANCIAL, LLC,                                        :
                                                           :
                              Plaintiff,                   :
                                                           :     17-cv-9706 (VSB)
                -against-                                  :
                                                           :          ORDER
JOEY NEW YORK INC., et al.,                                :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Defendant Joey Chancis's motion to cancel the subpoenas issued by Plaintiff EMA ("Plaintiff") on behalf of herself and Defendant Richard Roer ("Roer"), based on the alleged failure of the February 2, 2022 judgment, (Doc. 226 ("Judgment")), to hold Joey Chancis and Roer individually liable for the damages awarded to Plaintiff.[1] (Doc. 238.) The subpoenas seek personal financial records and restraining notices on Joey Chancis's and Roer's accounts and, according to Joey Chancis, were issued by Plaintiff in an effort to collect on the judgment. (Doc. 238 Exs. B–D.) I am also in receipt of Plaintiff's response letter in opposition to the motion. (Doc. 239.)

---

[1] This Order does not and should not be interpreted as ruling on the pending motion. However, I note that Joey Chancis submits the motion "on behalf of [herself] and [her] father, Defendant Richard Roer," but fails to sign the motion. (Doc. 238.) Nor does the motion contain a signature or a signature block for Roer. (*Id.*) Joey Chancis is not a licensed attorney and cannot represent Roer as his counsel, nor does she have standing to move to cancel the subpoenas on behalf of Roer. *See United States v. Avenatti*, No. S119CR373PGG, 2020 WL 378041, at *1 (S.D.N.Y. Jan. 23, 2020) ("As a general matter, in order to have standing to challenge a subpoena, the objecting party must have a personal right or privilege in the information sought." (internal quotation marks and alterations omitted)); *see also Jacobs v. Conn. Cmty. Tech. Colleges*, 258 F.R.D. 192, 194–95 (D. Conn. 2009) (citations omitted) ("only the person or entity to whom a subpoena is directed has standing to file a motion to quash"). For this reason, this Order applies only to Joey Chancis; however, to the extent that Roer wishes to join the motion he should do so by filing a signed declaration on or before June 30, 2022.

1

### A. *Individual Liability*

In my February 1, 2022 Opinion & Order granting judgment in favor of Plaintiff as to breach of contract, breach of guaranty, and constructive fraudulent conveyance, but denying judgment as to fraudulent inducement, actual fraudulent conveyance, and permission to pierce the corporate veil, I indicated that "[w]ith regard to the Individual Defendants [Joey Chancis, Richard Roer, and Richard Chancis], I find that judgment be granted in favor of Plaintiff as to breach of contract, breach of guaranty, and constructive fraudulent conveyance." (Doc. 224, at 2.) The Judgment incorporates the reasoning in my Opinion & Order and, as such, holds Joey Chancis and Roer individually liable. (*See* Judgment.)

### B. *Stay of the Judgment Pending Appeal*

Rule 62(d) provides that an appellant is entitled to a stay pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d). "The purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015). "A district court therefore may, in its discretion, waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'" *Id*. (citing *FDIC v. Ann–High Assocs.,* No. 97–6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997)). The Second Circuit adopted a non-exclusive five-factor test for determining whether to waive a supersedeas bond: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a

precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.  *Id*. at 417–18.

The record shows that Joey Chancis and Roer have not posted a supersedeas bond to stay the judgment.  Nor have Joey Chancis and Roer provided any information to persuade me that there is an acceptable alternative means of securing the judgment in an effort to waive the bond requirement.  On several occasions throughout the duration of the bench trial, Joey Chancis and Richard Chancis testified that if either Joey Chancis or Roer were held individually liable for any damages owed to Plaintiff, Richard Chancis would indemnify them.  *See* Tr. 734:20-735:20[2] (Richard Chancis testifying about his agreement to indemnify Joey Chancis and Roer and explaining that he "was going to take on the financial responsibility if [] either one of them was sued personally and were the subject of a personal lawsuit and personal damages were [] put on them"); 480:3-6 (Joey Chancis testifying about the marital settlement agreement in which Richard Chancis "agreed to indemnify myself and my father from any legal issues resulting from this business"); 490:25-491:5 (Joey Chancis testifying about Richard Chancis's agreement to indemnify Joey Chancis and Roer); 515:5-13 (same).)  Following the Judgment, Joey Chancis and Roer have not offered any additional information about indemnification by Richard Chancis, including with regards to the supersedeas bond.

Accordingly, it is hereby:

ORDERED that, on or before July 8, 2022, Joey Chancis and Richard Roer submit a joint letter of no more than six (6) pages indicating (1) the status of any planned indemnification by Defendant Richard Chancis, including information related to support an argument that indemnification by Richard Chancis would provide an acceptable alternative means of securing

---

[2] "Tr." refers to the transcripts from the bench trial conducted in this case from July 14 through July 18, 2021 and on August 17, 2021.  (Docs. 170, 172, 174, 176, 178, 198.)

the judgment, and, if relevant, (2) any argument detailing why I should waive the supersedeas bond requirement to initiate a stay of the judgment.

SO ORDERED.

Dated: June 24, 2022
      New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge