UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                                           :

EMA FINANCIAL, LLC,                          :

                                                        :

                                    Plaintiff,     :                  17-CV-9706 (VSB)

                                                      :

                       -against-           :           **OPINION & ORDER**

                                                      :

JOEY NEW YORK INC., et al.,               :

                                                      :

                                   Defendants.  :

                                                      :
--------------------------------------------------------X

Appearances:

Jeffrey Fleischmann
Law Office of Jeffrey Fleischmann, P.C.
New York, New York
*Counsel for Plaintiff*

Joey Chancis
Fort Lauderdale, Florida

Richard Roer
Aventura, Florida

*Pro Se Defendants*


VERNON S. BRODERICK, United States District Judge:

      Before me is the emergency motion to "cancel" the subpoenas issued by Plaintiff EMA

Financial, LLC ("Plaintiff") submitted by Defendants Joey Chancis ("Joey Chancis") and

Richard Roer ("Roer"), as well as Joey Chancis's and Roer's supplemental letter-motion to stay

the action pending appeal.[1]  Because Joey Chancis and Roer do not offer any assurance that

judgment may be secured if Plaintiff prevails on appeal, both the motion to quash the subpoenas

---

[1] I interpret Defendants' motion as a motion to quash the requested subpoenas.

and the motion to stay the action are DENIED.

I.     **Background**

On June 22, 2022, Joey Chancis filed an emergency motion on behalf of herself and Roer to quash the subpoenas issued by Plaintiff based on the alleged failure of the February 2, 2022 judgment, (Doc. 226 ("Judgment")), to hold Joey Chancis and Roer individually liable for the damages awarded to Plaintiff.[2]  (Doc. 238.)  The subpoenas seek personal financial records and restraining notices on Joey Chancis's and Roer's accounts and, according to Joey Chancis, were issued by Plaintiff in an effort to collect on the judgment.  (*See* Doc. 238 Exs. B–D.)

On June 24, 2022, I issued an Order in which I specified that my February 1, 2022 Opinion & Order explicitly held Joey Chancis and Roer individually liable for damages owed to Plaintiff for breach of contract, breach of guaranty, and constructive fraudulent conveyance. (Doc. 240.)  I ordered Joey Chancis and Roer to file a letter indicating (1) the status of any planned indemnification by Defendant Richard Chancis,[3] and, if relevant, (2) any argument detailing why I should waive the supersedeas bond requirement to initiate a stay of the judgment pending appeal.  (*Id.*)

On June 27, 2022, Joey Chancis and Roer filed a letter informing me that Richard Chancis would not indemnify Joey Chancis and Roer because he has no assets, is "judgment

---

[2] I warned in my June 24, 2022 Order that, since the motion was submitted and signed only by Joey Chancis and she did not have standing to move to quash the subpoenas on behalf of Roer, any decision on the motion would apply only to Joey Chancis.  (Doc. 240.)  Roer certifies in this letter that he adopts all statements of Joey Chancis and joins in the motion.  (Doc. 241.)  This Order therefore applies to both Joey Chancis and Roer.

[3] Throughout the bench trial conducted in this case from July 14 through July 18, 2021 and on August 17, 2021, witnesses, including Joey Chancis and Richard Chancis, testified about Richard Chancis's prearranged indemnification of Joey Chancis and Roer in the event they were held personally liable.  *See* Docs. 170, 172, 174, 176, 178, 198 ("Tr.") 734:20-735:20 (Richard Chancis testifying about his agreement to indemnify Joey Chancis and Roer and explaining that he "was going to take on the financial responsibility if [] either one of them was sued personally and were the subject of a personal lawsuit and personal damages were [] put on them"); 480:3-6 (Joey Chancis testifying about the marital settlement agreement in which Richard Chancis "agreed to indemnify myself and my father from any legal issues resulting from this business"); 490:25-491:5 (Joey Chancis testifying about Richard Chancis's agreement to indemnify Joey Chancis and Roer); 515:5-13 (same).

proof," and, relatedly, has failed to pay his child support and maintenance owed to Joey Chancis. (Doc. 241.)  Joey Chancis and Roer fail to make a sufficient argument to support waiving the bond requirement to initiate a stay of the judgment, but rather argue for a stay pending appeal, for which Joey Chancis and Roer have not previously made a motion.  (*Id*.)

**II.**    <u>**Legal Standard**</u>

Rule 62(b) provides that "a party may obtain a stay" of a judgment "by providing a bond or other security."  Fed. R. Civ. P. 62(b); *see also* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment (explaining that the newly reorganized "[s]ubdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d).").  The traditional four-factor test often used in connection with stays of injunctions, which includes assessment of the "likelihood of success on appeal, injury to the movant, injury to the non-moving party, and the public interest[,]" applies only when the judgment sought to be stayed is for injunctive or equitable relief.  *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018).  The Second Circuit has rejected application of the four-factor test to cases involving monetary damages and has instead implemented the five-factor test articulated in *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015), which analyzes whether a district court should waive the bond requirement that automatically stays a judgment.  *Id.*  "The purpose of [Rule 62(b)] is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed."  *Nassau*, 783 F.3d at 417 (internal quotation marks omitted).  "A district court therefore may, in its discretion, waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'"  *Id*. (citing *FDIC v. Ann–High Assocs.,* No. 97–6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997) (per

curiam)).

The non-exclusive five-factor test for determining whether to waive the bond requirement in cases involving monetary damages includes the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id*. at 417–18.  A defendant's motion for a stay based on their inability to pay the judgment weighs decisively against waiver of the bond requirement.  *Book Dog Books, LLC*, 327 F. Supp. 3d at 649 ("a concession of inability to pay is often determinative in this inquiry" (internal quotation marks omitted)).

## III.   <u>Discussion</u>

Joey Chancis and Roer, instead of focusing their argument on the *Nassau* five-factor test to attempt to persuade me to waive the bond or security requirement to stay the judgment pending appeal, as I had ordered in my June 24, 2022 Order, argue almost exclusively that they will prevail on the merits in their appeal, which is inapplicable to their motion.  (Doc. 241.)  Joey Chancis and Roer appear to argue that I should stay the entire matter pending their appeal.  (*Id*.)  However, they rely on the Second Circuit's four-factor test used to determine whether a stay of injunctive relief or equitable relief should be granted pending appeal, rather than enforcement of a monetary award.  *See Book Dog Books, LLC*, 327 F. Supp. 3d at 649 ("[T]he traditional four factors apply only when the judgment sought to be stayed is for injunctive or equitable relief." (internal quotation marks omitted)); *Butler v. Ross*, 16cv1282 (DLC), 2017 WL 6210843, at \*2 (S.D.N.Y. Dec. 7, 2017) ("[A] motion for a stay of money judgment is assessed under the announced test [from *Nassau County*], which is separate and apart from the test used when

assessing a Rule 62(c) motion.").

Joey Chancis's and Roer's only analysis of the *Nassau* factors includes their various recitations that neither Joey Chancis nor Roer are able to pay the judgment due to their personal financial situations.  Courts in this district have held that such showings overwhelmingly weigh against waiver of the bond requirement.  *See Book Dog Books, LLC*, 327 F. Supp. 3d at 649 (refusing to waive bond requirement "solely on the basis that it will pose a severe financial hardship on the appellant"); *Butler*, 2017 WL 6210843, at *3 (determining the argument that defendant "simply cannot pay" the judgment insufficient for waiver of the bond requirement); *Moore v. Navillus Tile, Inc*., No. 14 Civ. 8326, 2017 WL 4326537, at *2 (S.D.N.Y. Sept. 28, 2017) (holding that defendant's advisement that it could not satisfy the judgment nor obtain a bond from any source was "determinative" that the court should not waive the bond requirement).  The same must be said here.  The fact that Joey Chancis and Roer do not offer any assurances that they could secure the judgment if Plaintiff prevails on appeal counsels against waiving the bond requirement.  Nor do Joey Chancis and Roer persuade me that any third party, such as Richard Chancis, would be able to satisfy the judgment.  Indeed, the bond requirement is enforced in order to protect the appellee in the event the judgment is affirmed, while also guaranteeing that the appellant can recoup the payment shall it prevail on appeal.  *Nassau*, 783 F.3d at 417.  Joey Chancis and Roer do not offer any persuasive argument that I should deviate from this established principle.

In denying Rule 62(b) motions, courts in this district have noted that a variety of other mechanisms beyond Rule 62 waiver of the bond requirement exist that may more adequately address a defendant's concerns regarding satisfaction of a judgment.  *See Moore*, 2017 WL 4326537, at *6 (noting that, upon denial of the motion to stay the action pending appeal and

waiver of the bond, "Rule 62(g) gives an appellate court far more power to stay a judgment

pending appeal than is accorded to a district court" and that the application may have been better

"addressed to the Court of Appeals in the first instance."); *Butler*, 2017 WL 6210843, at *3

("There are other, well-established mechanisms by which debtors who assert that they are in

serious financial distress can avoid posting a bond.  They include filing a bankruptcy petition,

which triggers an automatic stay and enjoins collections and enforcement actions by creditors.").

Nonetheless, the law in this Circuit advises that I not waive the bond requirement in this

situation.

**IV.**   **Conclusion**

      Based on the foregoing reasons, Joey Chancis's and Roer's motion to quash the

subpoenas, (Doc. 238), and any motion to stay the matter pending appeal, (Doc. 241), are

DENIED.

SO ORDERED.

Dated: July 1, 2022
      New York, New York

                               Vernon S. Broderick
                               United States District Judge