UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                    :

EMA FINANCIAL LLC,                :

                                      :

                      Plaintiff,    :

                                      :           17-CV-9706 (VSB)

             - against -          :

                                      :         **OPINION & ORDER**

                                      :

JOEY NEW YORK INC., et al.,    :

                                      :

                    Defendants.  :

                                        :
--------------------------------------------------------X

<u>Appearances</u>:

Jeffrey Fleischmann
New York, New York
*Counsel for Plaintiff*

Marjorie M. Santelli
Mark R. Basile
The Basile Law Firm P.C.
Jericho, New York
*Counsel for Defendants Joey Chancis and Richard Roer*

<u>VERNON S. BRODERICK</u>, United States District Judge:

       On July 1, 2022, I issued an Opinion & Order denying the motion filed by Defendants

Joey Chancis and Richard Roer ("Roer") (together, "Defendants")[1] to quash the post-judgment

subpoenas issued by Plaintiff EMA Financial LLC ("Plaintiff"), as well as denying Defendants'

supplemental letter-motion to stay the action pending appeal.  (Doc. 245 (the "7/1/22 Opinion").)

On July 13, 2022, Joey Chancis and Roer filed this motion for reconsideration of the 7/1/22

Opinion, (Doc. 247), as well as a supporting memorandum of law, (Doc. 248 ("MOL")).

---

[1] Unless otherwise noted, this Opinion & Order uses terms as defined in my February 1, 2022 Opinion & Order and in my July 1, 2022 Opinion & Order.  (Docs. 224, 245.)  Familiarity with those terms and with this action's procedural history and factual background is presumed throughout.

Plaintiff filed an opposition on July 27, 2022.  (Doc. 250.)  On August 3, 2022, Defendants filed

their reply memorandum of law.  (Doc. 251.)  In the instant motion, Joey Chancis and Roer

move for reconsideration of the 7/1/22 Opinion because they claim my February 1, 2022 Opinion

& Order, (Doc. 224 (the "2/1/22 Opinion"), issued following the six-day bench trial in this case,

did not find Joey Chancis or Roer personally liable for breach of contract.  Because Defendants'

motion for reconsideration is untimely and, in any event, addresses an issue previously decided

and not overlooked, the motion for reconsideration is DENIED.

## I.     <u>Legal Standard</u>

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure

59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to

prevent the practice of a losing party examining a decision and then plugging the gaps of a lost

motion with additional matters.'"  *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543

(JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed

LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *see also 24

Seven, LLC v. Martinez*, 19-CV-7320 (VSB), 2021 WL 276654, at *3 (S.D.N.Y. Jan. 26, 2021)

(explaining that "Local Civil Rule 6.3" also governs motion for "reargument").  Under Rule 6.3,

"[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52,

and 59), a notice of motion for reconsideration or reargument of a court order determining a

motion shall be served within fourteen (14) days after the entry of the Court's determination of

the original motion. . . ."  Loc. Civ. R. 6.3.

When a party seeks reconsideration or reargument, the party generally "must show either

'an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice.'"  *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-

10116 (VSB), 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011)).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks omitted); *see also Polsby v. St. Martin's Press, Inc*., No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)). "Rather, 'the standard for granting [the motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995)). Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, 06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

"A motion under Rule 60(b) must be made within a reasonable time," and if such a motion is made based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or for fraud, misrepresentation, or misconduct by an opposing party "no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed. R. Civ. P.

60(c)(1).  In addition, "Rule 60(b) provides 'extraordinary judicial relief' and can be granted

'only upon a showing of exceptional circumstances.'"  *Kubicek v. Westchester County*, No. 08

Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*,

793 F.2d 58, 61 (2d Cir. 1986)).

**II.**  **Discussion**

As an initial matter, to the extent the motion for reconsideration is premised on any

statute or rule other than Rule 60, it is untimely under Local Civil Rule 6.3 ("Rule 6.3") and must

be denied, because under Rule 6.3 such motions for reconsideration "shall be served within

fourteen (14) days after the entry of the Court's determination of the original motion. . . ."  Loc.

Civ. R. 6.3.  Here, the 2/1/22 Opinion entering judgment in accordance with my findings

following the six-day bench trial on the merits of Plaintiff's claims was issued on February 1,

2022.  (*See* 2/1/22 Opinion.)  Any argument for reconsideration or relitigation of any of those

findings or arguments presented at trial is untimely.  *See, e.g.*, *Zietek v. Pinnacle Nursing &*

*Rehab Ctr.*, 21 Civ. 5488 (AT), 2022 WL 624881, at *2 (S.D.N.Y. Mar. 2, 2022) ("Plaintiff's

motion is untimely [because] Rule 6.3 requires that a notice of motion for reconsideration be

served within fourteen days after the entry of the Court's order."); *Bennett v. Care Correction*

*Sol. Med. Contracted*, 15 Civ. 3746 (JCM), 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017)

(collecting cases).

Defendants devote the majority of their motion to deconstructing my 2/1/22 Opinion,

arguing that it incorrectly found Joey Chancis and Roer liable for breach of contract.  (MOL 4–

6.)  Defendants, in an apparent attempt to get around Rule 6.3, bootstrap the 2/1/22 Opinion's

allegedly improper findings of law to my 7/1/22 Opinion denying Defendants' motion to quash,

on the basis that the 7/1/22 Opinion completely overlooked the judgment I entered against

4

Defendants following their bench trial.  (*See id.* at 4–8.)  Defendants do not make any argument that I erred in my legal analysis underlying the 7/1/22 Opinion—the only available avenue for a proper legal argument on this motion for reconsideration.  Indeed, I resolved the issue of whether Joey Chancis and Roer were held liable for breach of contract in my June 24, 2022 Order in which I initially addressed—but subsequently requested additional information on—Defendants' motion that I stay the judgment pending appeal.  There, I restated my finding that Joey Chancis and Roer were personally liable for breach of contract.  (*See* Doc. 240 at 2 ("In my February 1, 2022 Opinion & Order granting judgment in favor of Plaintiff as to breach of contract, breach of guaranty, and constructive fraudulent conveyance, but denying judgment as to fraudulent inducement, actual fraudulent conveyance, and permission to pierce the corporate veil, I indicated that '[w]ith regard to the Individual Defendants [Joey Chancis, Richard Roer, and Richard Chancis], I find that judgment be granted in favor of Plaintiff as to breach of contract, breach of guaranty, and constructive fraudulent conveyance.'").  I then reiterated that same finding in the 7/1/22 Opinion.  (*See* 7/1/22 Opinion at 2 ("On June 24, 2022, I issued an Order in which I specified that my February 1, 2022 Opinion & Order explicitly held Joey Chancis and Roer individually liable for damages owed to Plaintiff for breach of contract, breach of guaranty, and constructive fraudulent conveyance.").)  Defendants may not have a second bite at the apple in a thinly veiled attempt to relitigate an issue that I resolved on February 1, 2022, noted on June 24, 2022, and then reiterated in the 7/1/22 Opinion of which Defendants now move for reconsideration.[2]

---

[2] As stated in my previous orders, Defendants do not raise an appropriate argument to review the judgment pursuant to Rule 60 because, applying the law to the evidence presented during the six-day bench trial in this matter, I held Defendants liable for breach of contract, breach of guaranty, and constructive fraudulent conveyance in my 2/1/22 Opinion.  (Doc. 240 at 2; *see also* 7/1/22 Opinion, 2/1/22 Opinion.)  On February 9, 2022, Joey Chancis and Roer appealed my 2/1/22 Opinion and the judgment entered in accordance with it, which further establishes that liability

Because Defendants offer substantially the same arguments they have argued in the past and on which I have already issued decisions, the arguments presented in their motion for reconsideration are untimely and improper and warrant denial of the motion.

### III.   <u>Conclusion</u>

For the foregoing reasons, the motion of Defendants Joey Chancis and Roer for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at Document 247.

SO ORDERED.

Dated:  September 30, 2022
         New York, New York

Vernon S. Broderick
United States District Judge

---

had been imposed against them.  (Doc. 227 (the notice of appeal signed by Joey Chancis and Roer indicating that they appeal from the 2/1/22 Opinion and judgment that "found judgment in favor of EMA on breach of contract, breach of guaranty and constructive fraudulent conveyance").)  As previously articulated several times post-trial during this litigation, any argument that Joey Chancis and Roer are not personally liable for the breach of contract claim is without support, and Defendants thus have failed to show "exceptional circumstances" warranting "extraordinary judicial relief" under Rule 60(b).  *Nemaizer*, 793 F.2d at 61.